TERRY L. HIGHAM (SBN 150726)
thigham@constangy.com
NICOLAS W. TOMAS (SBN 339752)
ntomas@constangy.com
**CONSTANGY BROOKS, SMITH**
**& PROPHETE, LLP**
2029 Century Park East, Suite 1100
Los Angeles, CA 90067
Tel: (310) 909-7775

*Attorneys for Defendant*
WAL-MART ASSOCIATES, INC.,
WALMART INC., and SAM'S WEST, INC.

## UNITED STATES DISCTRICT COURT

## CENTRAL DISCTRICT OF CALIFORNIA

| | |
|---|---|
| HEIDI PEREZ,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>WAL-MART ASSOCIATES, INC.;<br>WALMART INC.; SAM'S WEST, INC.;<br>and DOES 1 through 100, Inclusive,<br><br>　　　　　Defendants. | CASE NO: 8:24-cv-1253<br><br>**NOTICE OF REMOVAL BY DEFENDANTS WAL-MART ASSOCIATES, INC., WALMART INC., and SAM'S WEST, INC.**<br><br>Complaint filed:  May 7, 2024<br>Date of Removal: June 10, 2024 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF HEIDI PEREZ:**

　　　　**PLEASE TAKE NOTICE** that Wal-Mart Associates, Inc., Walmart, Inc., and Sam's West, Inc. (collectively "Defendants") hereby remove the above-entitled action from the Superior Court of the State of California, County of Orange, to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Removal is based upon the following:

I. **GROUNDS FOR REMOVAL**

As set forth more fully below, this Court has subject matter jurisdiction under 28 U.S.C. § 1332, which confers original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States and in which citizens or subjects of a foreign state are additional parties[.]" This action is removable under 28 U.S.C. §§ 1441 and 1446.

The following is a short and plain statement of the grounds for removal pursuant to 28 U.S.C. § 1446(a).

II. **PROCEDURAL AND VENUE MATTERS**

1. This case arises from Plaintiff Heidi Perez's ("Plaintiff") former employment with Sam's West, Inc. Plaintiff's worksite location was in the County of Orange. Plaintiff's employment with Sam's West, Inc. ultimately ended on or about March 13, 2023. Wal-Mart Associates, Inc. is the payroll processor for Sam's West, Inc. and Walmart, Inc. is the parent company both entities.

2. On May 7, 2024, Plaintiff initiated this action by filing a Complaint in the Superior Court of California, County of Orange, entitled "*Heidi Perez v. Wal-Mart Associates, Inc., et al.*," Case No. 30-2024-01397834-CU-WT-CJC ("State Court Action"). Request for Judicial Notice ("RJN") No. 1, Declaration of Terry L. Higham ("Higham Decl.") in Support of Notice of Removal, ¶ 2 ("Complaint"), **Exhibit A**.

3. On May 10, 2024, Ms. Perez served Defendants Wal-Mart Associates, Inc., Walmart, Inc., and Sam's West, Inc. by delivering to their respective agents for service of process in California, including a copy of the Summons and Complaint previously filed in the State Court Action. RJN Nos. 1, 3; Higham Declaration ¶¶ 2, 4. Also concurrently served to those agents was a Notice of Hearing from the Orange County Superior Court, scheduling a Case Management Conference.  RJN No. 4; *See* Higham Declaration ¶ 5.

## III. NATURE OF THE SUIT AND REQUESTED RELIEF

4. The Complaint filed in the State Court Action presents four causes of action for (1) perceived disability harassment and retaliation under FEHA, (2) harassment, discrimination, and retaliation under FEHA under the California Family Rights Act, (3) retaliation and wrongful termination in violation of public policy, (4) declaratory relief.

5. Plaintiff's Complaint seeks an extensive litany of comprehensive compensatory damages, including, but not limited to "loss of earnings and future earning capacity," and general damages, as well as emotional distress damages. Plaintiff also seeks punitive damages. Plaintiff additionally prayed for interest on all damages, Plaintiff's costs of suit, her attorneys' fees and legal expenses, all of which are recoverable under FEHA. *See* RJN No. 1; Higham Decl., in Support of Notice of Removal, ¶ 2, **Exhibit A** (Complaint, ¶¶ 7, 20-21, 24f, 28, 32, 34, 42, 47, 48, 54, 60, 66, 83, and Prayer),

## IV. TIMELINESS OF REMOVAL

6. As required under 28 U.S.C. § 1446(b) this Removal is filed less than one year from the commencement of this action and because it occurred within 30 days of the date of the first service of process in the State Court Action on Defendant.

7. Service of Process. As indicated, on May 10, 2024, Ms. Perez served Defendants Wal-Mart Associates, Inc., Walmart, Inc., and Sam's West, Inc. by delivering to its agent for service of process, a copy of the Complaint and Summons previously filed in the State Court Action. RJN Nos. 1, 3; Higham Declaration ¶¶ 2, 4. By contrast, Defendants "DOES 1 through 100, inclusive" are entirely fictitious. There is no record that Ms. Perez identified or served any fictitious defendant with any process in the State Court Action.

8. This Notice of Removal is timely. Defendants filed this removal on June 10, 2024. The removal occurred within 30 days of the date of first service of the State Court Action on Defendants and within 30 days of the appearance Defendants in the

State Court Action. 28 U.S.C. § 1446(b). See also Fed. R. Civ. P. 6(a)(1)(A), 6(a)(1)(C).

9. Pursuant to 28 U.S.C. §1446(a), true and correct copies of all process, pleadings, and orders served upon Defendants and/or filed in this action, are attached to the Higham Decl. in Support of Notice of Removal, for which a Request for Judicial Notice is concurrently filed. Presented herewith in support of the Notice of Removal is a true and correct copy of the Case Summary (docket) for the State Court Action, as it existed as of the date of this filing, which is publicly available from the Orange County Superior Court located at the website of *https://civilwebshopping.occourts.org/ShowCase.do?index=0&number=30-2024-01397834-CU-WT-CJC&tab=0#caseAnchor*. *See* RJN No. 7; Higham Decl. in Support of Notice of Removal, at **Exhibit G**.

10. Pursuant to 28 U.S.C. § 1446(d), the foregoing exhibits constitute all process, pleadings and orders served on or received by Sam's and/or filed in this action.

## V. VENUE

11. Orange County, California, is located within the U.S. District Court for the Central District of California. The location of the Sam's Club store in question is located in La Habra, Orange County, California. Venue is proper in this Court because the Central District of California, Southern Division is "the district and division embracing the place where such action is pending." 28 U.S.C. §§ 1441(a) and 1446(a).

12. Defendants will, pursuant to 28 U.S.C. § 1441(d), promptly provide written notice of the Notice of Removal's filing to the Clerk of the Orange County Superior Court for the State of California and Plaintiff.

## VI. BASIS FOR REMOVAL: DIVERSITY JURISDICTION

13. A federal court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a).

14. "[A]ny civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. § 1441(a).

15. Therefore, a state court action may be removed if the action (1) is between citizens of different states, and (2) the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs. Each of these two requirements is met within the instant petition.

16. **Plausible allegations.** A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required only when the plaintiff contests, or the court questions, the defendant's allegation. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88, 135 S. Ct. 547, 190 L. Ed. 2d 495 (2014). *Academy of Country Music v. Continental Casualty Company*, 991 F. 3d 1059, 1068 (9th Cir. 2021); *Arias v. Residence Inn by Marriott*, 936 F. 3d 920, 922 (9th Cir. 2019); *Carolina Cas. Co. v. Team Equipment Inc.*, 741 F. 3d 1082, 1087–88 (9th Cir. 2014). As the court restated in *Dart Cherokee*: "'[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met. Discovery may be taken with regard to that question. In case of a dispute, the district court must make findings of jurisdictional fact to which the preponderance standard applies.'" *Id.* (quoting House Judiciary Committee Report on the Federal Courts Jurisdiction and Venue Clarification Act of 2011, H.R. Rep. No. 112–10, p. 16 (2011)).

A. **Requirement No. 1: Plaintiff is a Citizen of a Different State than Each Defendant**

17. Diversity of citizenship exists here with respective the various parties. The Ninth Circuit has stated that the determination of an individual party's domicile may involve an evaluation of several factors, with no single factor controlling,

including but not limited to:

> current residence, voting registration and practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license, automobile registration, and payment of taxes.

*Lew v. Moss*, 797 F. 2d 747, 750 (9th Cir. 1986).

The presence of these factors will support a conclusion of physical presence at a location with an intention to remain there indefinitely. *Lew v. Moss*, 797 F. 2d at 749–50. Each factor is not required to be present in a particular case to demonstrate domicile. *Id.*, 797 F. 2d at 752. In *Lew*, for example, the presence of a number of these factors conclusively established a party's domicile for purposes of removal. *Id*.

18. **Plaintiff is a California Domiciliary.** The place where a person lives is properly taken to be her domicile until facts adduced establish the contrary. *See Dist. of Columbia v. Murphy*, 314 U.S. 441, 455, 62 S. Ct. 303, 86 L. Ed. 2d 329 (1941). "Domicile," according to the California Elections Code, is defined as the place where a voter resides, where her habitation is fixed, and where she intends to remain and return to whenever she is absent from it. Cal. Elections Code §§ 321, 349, 2020–24. *Just as in Lew v. Moss*, 797 F. 2d at 750, the facts presented here demonstrate that Ms. Perez is domiciled within California.

19. Ms. Perez has alleged that she is a resident of the County of Los Angeles within the state of California, while concurrently alleging she was employed within Orange County, California. Sam's West, Inc. employed Plaintiff at its Sam's Club store located in La Habra, California. These facts conclusively support the fact that she is a resident California. *See* RJN No. 1, **Exhibit A**, Complaint ¶ 1.

20. **Plaintiff Sought California Benefits for Injured Workers.** Prior to filing suit, yet relevant to this matter, Plaintiff indicates that she sought treatment for injuries allegedly occurring within the scope of her employment, here in California.

RJN No. 1, **Exhibit A**, Complaint, page 4, lines 4-12 and ¶¶ 14-16. her Complaint states that she opened a claim before the WCAB for the recovery of other benefits available to injured workers domiciled in California. *See Id*.

21. As demonstrated herein these several facts evidence Plaintiff is a California citizen for diversity jurisdiction purposes. *See Lok Lau v. Silva*, No. CIV.S-04-2351 WBS PAN PS, 2005 WL 8176598, at *2 (E.D. Cal. Aug. 31, 2005) ("Domicile and citizenship are synonymous for diversity purposes").

22. **Defendants are not Citizens of the State of California.** "[A] corporation shall be deemed to be a citizen of any State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

23. Defendants Wal-Mart Associates, Inc. and Walmart, Inc., are each separately incorporated in the State of Delaware. RJN Nos. 8-10. Defendant Sam's West, Inc. is incorporated in the State of Arkansas. RJN No. 9. Each Defendant maintains a headquarters and principal place of business are in the State of Arkansas. RJN Nos. 8-10.

24. Accordingly, as corporate entities, Defendants Wal-Mart Associates, Inc., Walmart, Inc., and Sam's West, Inc. are each citizens of both Arkansas and Delaware. *Id*. Therefore, for purposes of diversity jurisdiction Defendants are diverse from Plaintiff as they are not citizens of the State of California. 28 U.S.C. § 1332(c)(1).

25. Because Ms. Perez is a citizen of California and Defendants are all citizens of Arkansas, complete diversity exists between the parties.

B. **Requirement No. 2: The Amount in Controversy Exceeds $75,000.**

26. While Defendants deny any liability to Ms. Perez whatsoever, Defendants assert, based on allegations in the Complaint, Ms. Perez's prayer for relief, and calculations predicated on readily available evidence, the amount in controversy at issue here exceeds $75,000. *See, e.g.*, *Academy of Country Music v. Continental*

*Casualty Company*, 991 F. 3d at 1068. Those potential damages as alleged by Ms. Perez exceed **$200,000.00**.

27. "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the Plaintiff's on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). "When a '[d]efendant's calculations (are) relatively conservative, made in good faith, and based on evidence whenever possible,' the court may find that the '[d]efendant has established by a preponderance of the evidence that the amount in controversy is met.'" *Cagle v. C&S Wholesale Grocers, Inc.*, No. 2:13-cv-02134-MCE-KJN, 2014 WL 651923, *7 (E.D. Cal. Feb. 19, 2014) (quoting *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (citations omitted)). Nor does a Defendant need to provide summary judgment-type evidence. *See Dart Cherokee Basin Operating Co., LLC v. Owens¸* 574 U.S. at 88; *Academy of Country Music v. Continental Casualty Company*, 991 F. 3d at 1068; *Cagle*, 2014 WL 651923, at *7.

28. In *Kroske v. U.S. Bank Corp.*, 432 F. 3d 976 (9th Cir. 2005), the court determined that a plaintiff's specific categories of recoverable damages adequately supported the basis for the amount in controversy. *Kroske*, 432 F. 3d at 980. There, the *Kroske* plaintiff claimed unspecified damages spread over various categories namely: "lost wages, benefits including but not limited to health and mental insurance, 401(k) contributions, value of life insurance policies, stock options, and emotional distress damages, as well as attorney's fees and costs." *Kroske v. U.S. Bank Corp.*, 432 F .3d. 980.

29. **<u>Compensatory Damages</u>**. Ms. Perez's Complaint seeks recovery for "loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorneys' fees, and other pecuniary loss." *See* RJN No. 1, Complaint ¶¶ 28, 42, 54, and Prayer for Relief ¶¶ 2-4.

30. ***Economic Damages - Back Pay/Loss of Past Earnings***. Ms. Perez's

employment with Sam's was terminated on or about March 13, 2023. Complaint ¶¶ 7, 20-21, 24f.

31.    At the time of termination, Ms. Perez earned an hourly rate of $17.51 per hour and was a full-time employee, who naturally worked a 40-hour per week schedule. Over 65 weeks have elapsed from the date Plaintiff's employment ended and this matter was presented for removal.

32.    The court evaluates the amount in controversy at the time of removal, but it may consider both past and future lost wages. *Fritsch v. Swift Transportation*, 899 F. 3d 785, 791 (9th Cir. 2018). At **$700.40** per week, from the date of separation to the time of removal (approximately 65 weeks of wages), the estimated amount of back pay is **$45,526.00 ($700.40 x 65 weeks)**.[1] Adding one year of front pay, to compensate for future lost economic damages, adds the amount of **$36,420.80 ($700.40 x 52 weeks)** to the calculated total of back pay yields a total wage claim totaling **$81,946.80**.

33.    ***Economic Damages - Lost Benefits***. As taught by the *Koske* court, economic damages also include the value of lost benefits. *See Kroske*, 432 F. 3d at 980. At this stage of the case, while a calculation of the value of benefits is not currently ascertainable, in addition to offering competitive pay, eligible associates may receive access to healthcare insurance plans, a six (6%) percent 401(k) match, including hourly employees, after one-year's tenure, access to an associate stock purchase plan, participation in a Roth IRA plan, and a ten (10%) percent purchase discount on regularly priced general merchandise, which includes fresh fruits and

---

[1] Plaintiff also seeks to recover future wages – as such, her future wages should also be considered by the Court in calculating the amount in controversy. *Huck v. Kone, Inc.*, No. C 10-1845 RS, 2011 WL 31108 at *4 (N.D. Cal. Jan. 5, 2011) (the plaintiff ... could potentially recover 13 years of lost wages); *see also James v. Childtime Childcare, Inc.*, No. CIV.S-06-2676 DFL DAD, 2007 WL 1589543, *2, n.1 (E.D. Cal. June 1, 2007). Although Sam's denies such relief on such a scale would be appropriate, however, one year of front pay would equal an additional $16,380.00.

vegetables. See https://corporate.Sam's.com/about/working-at-Sam's.

34. **Non-Economic Damages - Emotional Distress**. Plaintiff also alleges emotional distress damages. Complaint ¶¶ 32, 47, 66, 83 and Prayer for Relief ¶ 2. "To establish the amount of emotional distress in controversy, a defendant may introduce evidence of jury verdicts in other cases." *Cain v. Hartford Life and Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012). Juries have awarded $50,000 to $55,000 in emotional distress damages in other single employee actions presenting claims for discrimination, harassment, retaliation, and failure to prevent discrimination and/or retaliation. *See Guzman v. NBA Automotive, Inc. d/b/a Hooman Chevrolet of Culver City*, JVR No. 1909300049, BC675851, 2019 WL 4745076 (Cal. Super. Los Angeles County 2019) (awarding $50,000 in compensatory pain and suffering to employee who was terminated after returning to work from a leave of absence and being unable to return full time due to her medical conditions); *Escoto v. Metric Machining*, JVR No. 1407300036, CIVRS-12-06532, 2013 WL 9554716 (Cal. Super. San Bernardino 2013) (awarding $55,000 in compensatory pain and suffering to employee who was terminated after advising employer of her fibromyalgia and hypertension diagnoses); *Saldana v. Home View Design*, *Inc.*, JVR No. 810272, BC368063, 2008 WL 7602715 (Cal. Super. Los Angeles 2008) (awarding $55,000 in pain and suffering to former warehouse worker who was denied accommodations related to lower back injuries and terminated after making complaints of discrimination).

35. As a result, estimated for purposes of this removal alone, Plaintiff's alleged emotional distress damages are, calculated to be **$50,000.00**.

36. **Attorneys' Fees.** Plaintiff also seek recovery for attorneys' fees and costs. See RJN No. 1, Complaint ¶¶ 28, 35, 42, 49, 54, 61, 68 and Prayer for Relief ¶¶ 5, 6, 8. It is well-settled that when authorized by statute, attorneys' fees, including future attorneys' fees at stake in the litigation through its conclusion, are to be included in the calculation of the amount in controversy for purposes of determining

whether the requisite jurisdictional minimum is met. *Fritsch v. Swift Transportation*, 889 F. 3d at 794 ("if the law entitles the plaintiff to future attorneys' fees if the action succeeds, 'then there is no question that future [attorneys' fees] are 'at stake' in the litigation," and the defendant may attempt to prove that future attorneys' fees should be included in the amount in controversy"). *See also Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) (in deciding amount in controversy issue, a court may estimate the amount of reasonable attorneys' fees likely to be recovered by the plaintiff if he were to prevail).

37. While Ms. Perez's attorneys' fees cannot be precisely calculated from the face of the Complaint, the attorneys' fees Ms. Perez could incur in this matter may exceed a damages award. *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1035 (C.D. Cal. 2002). Other trial court decisions reveal estimates for the number of hours expended through trial for single-plaintiff employment cases have ranged from 100 to 300 hours. *Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB (AJWx), 2015 WL 898468, at *12 (C.D. Cal. March 3, 2015) (citations omitted). As such, 100 hours is an appropriate and conservative estimate. *Id*.

38. Moreover, some federal courts in California have held that a reasonable rate for employment cases is $300 per hour. *E.g.*, *Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468, at *12 (C.D. Cal. March 3, 2015) (citations omitted). For purposes of removal, taking the estimate of 300 hours, the total amount of fees (at an hourly rate of $300) is approximately, and, at a minimum without even going to trial, **$90,000.00**.

39. **Punitive Damages.** Ms. Perez also seeks to recover punitive damages. *See* RJN No. 1, Complaint ¶¶ 34, 48, 60 and Prayer for Relief ¶ 10.

40. While not warranted here, punitive damages awards at times, equal as

11
NOTICE OF REMOVAL BY DEFENDANTS WAL-MART ASSOCIATES, INC., ET AL.

much as four times the amount of the actual damages award. *State Farm Mutual Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003); *see also Simmons v. PCR Technology*, 209 F. Supp. 2d 1029 (N.D. Cal. 2002) (citing jury verdicts in which the punitive damages awards ranged from $60,000 to $121,000,000).

41. Defendants deny that Plaintiff's claims have any merit. Defendants also deny that Plaintiff suffered any damages. However, when the relief sought (*i.e.*, back pay, front pay, emotional distress, attorneys' fees, and punitive damages) is taken as a whole, the amount in controversy for Plaintiff's claims easily exceeds the $75,000 jurisdiction requirement, exclusive of interest and costs.

42. Plaintiff also seeks open-ended relief for "such other and further relief as the court may deem just and proper" *See* RJN No. 1, Complaint ¶ 12 of Prayer and Relief. Although uncertain in amount, this additional damage claim only serves to increase the amount in controversy. *See Lewis v. Exxon Mobil Corp.*, 348 F. Supp. 2d 932, 932–34 (W.D. Tenn. 2004) (the "open ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that her case met the amount in controversy requirement even though he pled in the complaint that she did not assert a claim in excess of $75,000).

43. **<u>Damage Awards in Other Discrimination Claims.</u>** Additionally, as the Ninth Circuit has instructed, in determining the amount in controversy, a court may also consider damage awards in cases with similar claims. *Kroske*, 432 F. 3d at 980 (district court properly considered jury verdicts in other age discrimination cases in determining that the jurisdictional minimum was satisfied); *Rivera v. Costco Wholesale Corp.*, No. C 08-022022 CW, 2008 WL 2740399, at *4 (N.D. Cal. July 11, 2008) (considering jury verdicts in other cases to establish amount of emotional distress damages in controversy); *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002) (considering jury verdicts in analogous cases to establish

amount of punitive damages at issue).

44. The following verdicts in other single employee actions presenting claims for discrimination and harassment based on disability, retaliation, and failure to prevent discrimination and/or retaliation. The result from each is further indicative that this action similarly satisfies the amount-in-controversy requirement. These verdicts are from recent cases, including, but not limited to, *Guzman v. NBA Automotive, Inc. d/b/a Hooman Chevrolet of Culver City*, 2019 WL 4745076 (awarding verdict of $256,892); *Escoto v. Metric Machining*, 2013 WL 9554716 (awarding verdict of $142,000).

45. **Requirement 2 - Amount in Controversy - Satisfied**. At the time of removal (which is not even the end-date for calculating the amount in controversy), more than $75,000 is at issue. Defendants estimate the amount in controversy to be at least **$221,946.80**. This is based on compensatory damages totaling **$131,946.80** (which is the total of **$81,946.80** in economic and **$50,000.00** non-economic damages - emotional distress), plus an additional sum for statutory attorneys' fees and costs minimally amounting to **$90,000.00**. Not including any punitive or exemplary damage recovery,[2] at this stage the total estimated amount in controversy in this lawsuit exceeds **$221,946.80**. Accordingly, objective facts demonstrate that the statutory amount in controversy prong is satisfied here.

## VII. CONCLUSION

In sum, Defendants have indeed demonstrated substantial, objective facts in pleading admissions, publicly available information sources, and those of its own records to support the conclusion that diversity jurisdiction exists here. The State Court Action is a case where the amount in controversy exceeds the statutory

---

[2] This estimate does not factor in a sum for punitive damages, for example a punitive damage sum might total three-times the amount of compensatory damages, yielding the conclusion that the total recovery is well in excess of the jurisdictional minimum for diversity jurisdiction of $75,000.00. *Kroske*, 432 F. 3d at 980.

1  jurisdictional minimum amount where the amount in controversy is conservatively
2  estimated to be in excess of $220,000.00, between citizens of different states.
3     **WHEREFORE**, this Court has original jurisdiction over the claims asserted
4  by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C.
5  §§ 1332(a)(1) and 1441(a). For these reasons Defendants remove this civil action to
6  the United States District Court for the Central District of California.

DATED: June 10, 2024

**CONSTANGY BROOKS, SMITH & PROPHETE, LLP**

By: /s/ *Terry L. Higham*
Terry L. Higham
Nicolas W. Tomas
*Attorneys for Defendants*
WAL-MART ASSOCIATES, INC.,
WALMART INC., and SAM'S WEST, INC.